UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-20032-CIV-SCOLA/GOODMAN

FERNANDO RODRIGUEZ,

      Plaintiff,

v.

WESTERN WORLD INS. CO.,

      Defendant.

_____/

REPORT AND RECOMMENDATIONS ON
DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS
AND MOTION TO STAY PROCEEDINGS

      Defendant Western World Ins. Co. filed a motion for attorney's fees and costs incurred in a prior lawsuit that Plaintiff voluntarily dismissed, and Defendant requests the Court to stay this case until those fees and costs are paid pursuant to Fed. R. Civ. P. 41(d). [ECF No. 6]. Plaintiff Fernando Rodriguez filed a response in opposition to Defendant's motion, and Defendant filed a reply. [ECF Nos. 10; 12]. United States District Judge Robert N. Scola, Jr. referred the motion to the Undersigned. [ECF No. 3]. As explained below, the Undersigned **respectfully recommends** that Judge Scola **grant in part** and **deny in part** Defendant's Motion for Attorney's Fees and Costs and to Stay Proceedings.

## I.   Background

On October 23, 2019, Plaintiff filed suit against Defendant for breach of contract regarding an insurance claim for Hurricane Irma damages in the Circuit Court of the Eleventh Judicial Circuit of Florida. *Rodriguez v. Western World Ins. Co.*, No. 20-cv-21404-KMW, ECF No. 1-2 (S.D. Fla. Apr. 1, 2020) ("Prior Action"). The case was removed on April 1, 2020 by Defendant to the U.S. District Court in the Southern District of Florida. *Id.*

On November 9, 2020, Plaintiff filed a notice of voluntary dismissal without prejudice. *Id.* at ECF No. 18. The dismissal was granted without prejudice. *Id.* at ECF No. 19. According to Defendant, before the Prior Action was dismissed, the parties conducted discovery, including three depositions. [ECF No. 6, p. 6].

On November 11, 2020, Plaintiff filed a complaint in the Circuit Court of the Eleventh Judicial Circuit of Florida that is identical to the complaint in the Prior Action, which references the same insurance claim for Hurricane Irma damages. [ECF No. 1-4]. Similar to the scenario in the first lawsuit, Defendant then removed this second state court action to this Court. [ECF No. 1].[1] Defendant now seeks its attorney's fees and costs incurred in the Prior Action and requests the Court to stay this case until those fees and costs are paid pursuant to Fed. R. Civ. P. 41(d). [ECF No. 6].

---

[1]     In the Civil Cover Sheet [ECF No. 1-6], Defendant indicated (by checking the appropriate box) that the lawsuit is a re-filed case. It also provided the case number of the first case (i.e., 1:20-cv-21404-KMW) and the name of the district judge.

## II.      Applicable Legal Standards and Analysis

Federal Rule of Civil Procedure 41(d) provides that:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceeding in the action until the plaintiff has complied with the order.

*USA Ent. Grp., Inc. v. City of Pompano Beach*, No. 18-CV-62740, 2019 WL 498743, at *1 (S.D.

Fla. Feb. 8, 2019) (citing Fed. R. Civ. P. 41(d)).

The purpose of Rule 41(d) is to deter plaintiffs from increasing litigant expenses

and wasting judicial resources by withdrawing in the middle of litigation and requiring

the parties to start from scratch. *See Cadle Co. v. Beury*, 242 F.R.D. 695, 698 (S.D. Ga. 2007).

The Court generally has broad discretion to award costs pursuant to Rule 41(d). *See*

*Monterey at Malibu Bay Condo. Ass'n, Inc. v. Empire Indemnity Ins. Co.*, No. 20-cv-24587,

2021 WL 603032, at *3 (S.D. Fla. Jan. 11, 2021).

While attorney fees are not explicitly mentioned in the rule, the Undersigned

"notes and acknowledges that 'costs' have generally been interpreted to include

attorneys' fees for the purposes of Rule 41(d)." *USA Ent. Grp., Inc.*, 2019 WL 498743, at *2;

*see also Wolf v. Pacific Nat. Bank, N.A.*, No. 09-21531-CIV, 2010 WL 1462298, at *2 (S.D. Fla

March 18, 2010) (quoting *Cadle,* 242 F.R.D. at 695) ("[I]t is reasonable to construe [Rule

3

41(d)] to include recovery of attorneys' fees given the definition of 'costs' in other Rules that make a distinction between costs and 'costs other than attorney's fees.'").

The party seeking costs must show that: (1) the plaintiff dismissed a previous action; (2) the plaintiff then initiated a second action based upon or including the same claim against the same defendants; and (3) the defendant incurred costs in the prior action that will not be useful in the newly filed litigation. *See Monterey*, 2021 WL 603032, at *3.

A finding of bad faith is not required to award attorney's fees. *See NF Import & Export, Inc. v. VIA Mat Int'l AG*, No. 11-CV-23371, 2012 WL 13013236, at *2 (S.D. Fla. Sept. 25, 2012). However, "the Court may consider bad faith and vexatious conduct in exercising its discretion." *See id.* (stating that the essential question is whether the circumstances of the case warrant an award to prevent prejudice to the Defendant).

The first factor of Rule 41(d) is certainly met here. The record is clear in establishing that Plaintiff voluntarily dismissed the prior action to correct an error made by his counsel. Plaintiff admits in his response that "[w]hen Plaintiff's counsel ascertained that he had mistakenly failed to disclose experts witnesses he determined that the only way to cure his mistake was to dismiss the action without prejudice." [ECF No. 10, p. 2]. Plaintiff did not file a motion for extension of time to disclose its witnesses or otherwise seek any relief from the Court before voluntarily dismissing the Prior Action.[2]

---

[2]     It is Defendant's belief that "in addition to an attempt to avoid the negative consequences of failing to timely disclose experts, Plaintiff and his counsel engaged in forum shopping, as they did not believe Plaintiff would receive favorable rulings from

Thus, by Plaintiff's own admission, this case was re-filed in order to remedy the Plaintiff's failure to timely disclose an expert in the Prior Action. This is precisely the conduct Rule 41(d) seeks to prevent. *See Rodriguez & Gonzalez Investments, LLC v. Scottsdale Ins. Co.*, No. 19-CV-25261, 2020 WL 4905437, at *1-3 (S.D. Fla. Mar. 3, 2020) (finding defendant entitled to attorney's fees and costs where plaintiff dismissed prior action to avoid an adverse ruling -- after missing the expert disclosure deadline -- and to seek a more amiable forum when it refiled).

The second factor of Rule 41(d) has also been met here because the complaint filed in this case is identical to that of the Prior Action. Plaintiff does not dispute this.

The third factor, whether the defendant incurred costs in the Prior Action that will not be useful here, is disputed by Plaintiff. Defendant does not detail the specific attorney's fees that will not be helpful in this case other than fees for one deposition "that will need to be retaken due to the significant amount of time that has now transpired since Plaintiff's filing of his initial suit." [ECF No. 12, p. 2].

Plaintiff asserts that all of defense counsel's work in the Prior Action can be used in this case. The Undersigned disagrees. There may be instances where defense counsel conducts some work in this case that is duplicative in some way to the work performed

---

the prior federal court judge." [ECF No. 12, pp. 1-2, n. 1]. However, Defendant provides no support for this suspicion.

in the Prior Action. Defense counsel cannot be expected to recall 100% of the information learned while working on the Prior Action.

Accordingly, the Undersigned finds that Defendant is entitled to an award of attorney's fees and costs under Rule 41(d) for work done in the prior action that will not be useful in the present litigation. *See Monterey*, 2021 WL 603032, at *3.

However, the Undersigned finds that the determination of these fees would be premature now. *See USA Ent. Grp., Inc.*, 2019 WL 498743, at *2 (stating that the Court "will be in the best position to determine an award regarding the Defendants' attorneys' fees [under Rule 41(d)] upon the resolution of the instant matter"). Upon the conclusion of this action, Defendant shall file a motion to determine the amount of the attorney's fees and cost for work conducted in the prior action that was not useful in the present litigation. For this reason, the Undersigned also finds that Defendant's request for a stay of this action pending payment of attorney's fees under Rule 41(d) should be denied. *See id.* (denying motion to stay case pending determination of Rule 41(d) fees and costs).

## III.    Conclusion

For the reasons discussed above, the Undersigned **respectfully recommends** that Judge Scola **grant in part** and **deny in part** Defendant's Motion for Entitlement of Fees and Costs, and to Stay Proceedings.

## IV.    Objections

The parties will have fourteen (14) days from the date of being served with a copy

of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary, in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on May 11, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
The Honorable Robert N. Scola, Jr.
All Counsel of Record